CHARLES BAILEY *against* JOHN RUSSELL.

A promissory note, dated 6th *November*, 1787, is barred in six years, under the act of the 10th of *March*, 1787, taken in connection with the act of the 28th of *October*, 1790. *Haswell's* edit. *Vermont* Stat. p. 101.

PLAINTIFF declared upon a promissory note made by the defendant for the sum of 6*l*. 10*s*. lawful money, dated *the 6th of November*, 1787. Original writ served in 1800.

Defendant pleaded in bar the statute of limitations, passed 10th of *March*, 1787; which statute, after mentioning a variety of other actions, which, with those on promissory notes, shall be sued or brought *at any time after the end of the present sessions of Assembly*, enacts, that they shall be commenced and sued within the times herein after expressed. All actions on promissory notes, within six years *after the passing hereof, if executed before the passing of the act, or if executed after the passing of the act, within fourteen years after the cause of* action shall accrue, and not after. The plea was set forth with the usual averments.

Plaintiff demurred.

At the *October* session of the General Assembly, 1787, when a revision of the laws took place, the operation of this act, with a number of others, passed the session preceding, was suspended. The act declares, that the force and operation of the revised laws, passed by the Legislature of this State at their last session, except certain acts, be and hereby are suspended until the 1st day of *December* next, *id est*, 1787.

And be it further enacted, that the force and operation of all the laws in this State, now in force, be continued until the same first day of *December*.

The question now made is, whether the note declared upon was made before or after the passing of the act of the 10th of *March*, 1787. In the first case the action on the note would be limited to six, in the latter to fourteen years.

The counsel for the plaintiff contended, that though the operation of the act was suspended until a day subsequent to the execution of the note, yet the statute of *March* 10th, 1787, placed the distinction between actions on promissory notes limited to a shorter or longer period upon " *the passing of the act.*"

The defendant's counsel replied, that when an act is suspended by a subsequent act, the suspension is by its nature ingrafted into and becomes part of the first act, and the former cannot be said to be passed, that is, to become law, which is the technical meaning of the word " passed," as applied to statutes, until it goes into operation on the day provided by

*Bailey v. Russell.*

*Hasw.* edit. *Vermont* Stat. p. 212.

Bailey
v.
Russell.

Haswell's edit.
Vermont Stat.
p. 281.

the suspending act; that the Legislature so consi-
dering, had, by an additional section in the suspend-
ing act, declared, that all the existing laws of the
State should be in force until that time; which laws
would have been abrogated and repealed in *March*,
1787, if it had not been for this additional section.

But, to put the question for ever at rest, the Le-
gislature, on the 28th of *October*, 1790, had passed
an explanatory act, in the preamble of which they
say, that whereas said act, to wit, the act for the limi-
tation of actions, was suspended from the 10th day of
*March*, 1787, not to take effect until the 1st day of
*December*, 1787, and doubts have arisen from which
of those dates said statute should be construed to
make the time of limitation begin: therefore be it
enacted, &c. that the 1st day of *December*, in the year
of our Lord one thousand seven hundred and eighty
seven, be, and hereby is declared to be, the day from
which the time of limitation, as to the passing the
aforesaid statute, shall begin, any thing contained
therein to the contrary notwithstanding.

The plaintiff's counsel insisted, that this explana-
tory act did not touch the present question.

The expression in the act of *March* 10th, 1787,
was vague " *after the end of the present session of
Assembly,*" a period which could not be generally
known; and therefore, whether the limitation applied
to six or fourteen years, it was equally proper for the
Legislature to ascertain by public act the precise
time of the rising of the General Assembly. But the
Legislature, by their explanatory act, never intended

to run into the absurdity of declaring, that an act was not passed at the time it was actually passed.

*Sed per Curiam.* That the Legislature have a power to explain their own acts, cannot be denied. The explanation goes to the very point in issue. The words of the statute are, that the first day of *December*, one thousand seven hundred and eighty-seven, be and hereby is declared to be the day from which the time of limitation as to the *passing* the aforesaid statute, shall begin. Indeed this was the only subject which admitted of dispute in the construction of the statute. The time of the end of the session of Assembly, holden in *March*, 1787, had been already ascertained and recorded in the Journals of the Council and House of Representatives.

Judgment of Court. Demurrer insufficient, and that defendant have his costs.

ROBINSON, Chief Judge, dissenting.

*Daniel Chipman*, for plaintiff.
*W. C. Harrington*, for defendant.